

U.S. Department of Justice

United States Attorney

*District of Columbia*



*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

October 24, 2005

FILED

OCT 2 4 2005

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>VIA TELEFAX – (202) 454-2805</u>

Steven C. Tabackman, Esq.
1747 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20006-4604

Re:   <u>Guilty Plea Materials for Paul Bedewi</u>
                    CR 05-301

Dear Mr. Tabackman:

    This letter sets forth the full and complete plea offer to your client, Mr. Paul G. Bedewi. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on October 24, 2005. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

    1.    **Charges:** Mr. Bedewi agrees to waive indictment and to plead guilty to a one-count information charging a violation of 18 U.S.C. §666. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Bedewi and will be entered in accordance with Federal Rule of Criminal Procedure 11. Mr. Bedewi agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Bedewi's actions and involvement in the offense. It is anticipated that during the Rule 11 plea hearing, Mr. Bedewi will adopt and sign the Statement of the Offense as a written proffer of evidence.

    2.    **Potential penalties, assessments, and restitution:** Mr. Bedewi understands that the maximum sentence that can be imposed is 10 years of imprisonment, a fine of $250,000, or a fine of not more than three times the monetary equivalent of the thing of value, whichever is greater, a $100 special assessment, a three year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Bedewi understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18

U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual (2003) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Mr. Bedewi further understands that if the Court imposes a sentence which is in any way unsatisfactory to him, he cannot move to withdraw his guilty plea.

3.    **Federal Sentencing Guidelines:** The parties agree that based on the facts currently known to the government, the following is a correct calculation of all relevant sentencing guidelines issues:

| | | |
|---|---|---|
| § 2B1.1(a)(2) | Base Offense Level | 6 |
| § 2B1.1(b)(1)(I) | Loss More Than $70,000 | 8 |
| Total | | <u>14</u> |
| § 3E.1.1 | Acceptance of Responsibility | -2 |
| Total | | <u>12</u> |

Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for defendant Bedewi in this case. In the event that this plea offer is either not accepted by Mr. Bedewi or is accepted by Mr. Bedewi but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4.    **Financial Arrangements:** Mr. Bedewi agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013; he also agrees to pay full restitution. Mr. Bedewi also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5.    **Cooperation:** Mr. Bedewi agrees to cooperate with the government on the following terms and conditions:

a.    Mr. Bedewi shall cooperate truthfully, completely, and forthrightly with this Office and other federal, state, and local law enforcement authorities identified by this Office in any matter as to which the government deems the cooperation relevant. Mr. Bedewi acknowledges that his cooperation may include, but will not necessarily be limited to, answering questions, providing sworn written statements, taking government-administered polygraph

2

examination(s), and participating in covert law enforcement activities.

        b.     Mr. Bedewi shall promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime, all contraband and proceeds of crime, and all assets traceable to such proceeds of crime . Mr. Bedewi further agrees to the forfeiture of all assets which are proceeds of crime and/or traceable to proceeds of crime.

        c.     Mr. Bedewi shall testify fully and truthfully before any grand jury in the District of Columbia, and elsewhere, and at all trials of cases or other court proceedings in the District of Columbia, and elsewhere, at which his testimony may be deemed relevant by the government.

        d.     Mr. Bedewi shall not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity.

        e.     Mr. Bedewi agrees not to disclose to any person or entity the fact of or details regarding his cooperation with law enforcement authorities.

        f.     Mr. Bedewi understands and acknowledges that nothing in this agreement allows him to commit any criminal violation of local, state, or federal law during the period of his cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of his cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all its obligations under this agreement. However, Mr. Bedewi acknowledges and agrees that such a breach of this agreement will not entitle him to move to withdraw his plea of guilty. Mr. Bedewi further understands that, to establish a breach of this agreement, the government need only prove his commission of a criminal offense by a preponderance of the evidence.

      6.    **Government Concessions:**  In exchange for his guilty plea, the government agrees not to oppose Mr. Bedewi's release pending sentencing, agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose Mr. Bedewi's voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Bedewi continues to show his acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Mr. Bedewi in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Mr. Bedewi does not extend to

federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Bedewi.

The government agrees that, in exchange for Mr. Bedewi's guilty plea, the government will not bring criminal charges against his wife, MKB, for the offenses described in the accompanying Statement of Offense and Criminal Information.

7. **Bond Conditions:** Mr. Bedewi understands that the Court is not obligated to follow any recommendation of the government regarding bond status and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards is not grounds for withdrawal from this agreement.

8. **Departure Committee:** At the time of Mr. Bedewi's sentencing, the government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by Mr. Bedewi to the government. In addition, before sentencing, the government will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by Mr. Bedewi to the government. If the Departure Committee determines that Mr. Bedewi has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to U.S.S.G. § 5K1.1. Mr. Bedewi understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Mr. Bedewi further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

9. **Reservation of Allocution:** The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Bedewi's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

10. **Use of Certain Information:** The parties hereby agree that, since Mr. Bedewi has agreed to cooperate with the government, information provided by Mr. Bedewi during the course of his cooperation shall not be used against him, except:

4

a.      information that was known to the United States prior to the date this plea
        agreement was agreed to by Mr. Bedewi may be used directly or indirectly
        against Mr. Bedewi in any criminal proceeding;

b.      in a prosecution for perjury or giving a false statement pursuant to this
        agreement, statements made by Mr. Bedewi as part of his cooperation may
        be used directly and indirectly against him; and

c.      if there is a breach of this agreement by Mr. Bedewi, as determined under
        the provisions of this agreement.    In the event of such a breach, as set
        forth in Paragraph 11 below, the United States retains the right to use any
        information provided by Mr. Bedewi directly and indirectly at any
        subsequent proceeding

11.     **Breach of Agreement:**  Mr. Bedewi agrees that if he fails to make a complete,
truthful, and candid disclosure to law enforcement officers, government attorneys, and/or grand
juries, or the Court, and/or if he fails to comply with any of the provisions of this plea agreement,
makes false or misleading statements before the Court, commits any further crimes, and/or
attempts to withdraw the plea, the government will have the right to characterize such conduct as
a breach of this plea agreement.  Moreover, if during an investigation or prosecution Mr. Bedewi
should commit perjury, knowingly give any false statement, commit any act of contempt, or
obstruct justice, the government may prosecute him for these offenses to the fullest extent
provided by law.  In the event of a breach of this agreement, (a) the government will be free from
its obligations under the agreement and may take whatever position it believes appropriate as to
the sentence and the conditions of Mr. Bedewi's release (for example, should Mr. Bedewi
commit any conduct after the date of this agreement that would form the basis for an increase in
Mr. Bedewi's offense level or justify an upward departure – examples of which include, but are
not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct
while pending sentencing, and false statements to law enforcement agents, a probation officer, or
Court – the government is free under this agreement to seek an increase in the offense level based
on that post-agreement conduct); (b) Mr. Bedewi will not have the right to move to withdraw the
guilty plea; (c) Mr. Bedewi shall be fully subject to criminal prosecution for any other crimes
which he has committed or might commit, if any, including but not limited to perjury and
obstruction of justice; and (d) the government will be free to use against Mr. Bedewi, directly and
indirectly, in any criminal or civil proceeding any of the information or materials provided by
him pursuant to this agreement.

In the event of a dispute as to whether Mr. Bedewi has breached this agreement, and if
Mr. Bedewi so requests, the matter shall be submitted to the Court and shall be resolved by the
Court in an appropriate proceeding at which any information provided to the government prior
to, during, or after the execution of the plea agreement shall be admissible and at which the
government shall have the burden to establish a breach by a preponderance of the evidence.

12.    **Statute of Limitations Waiver:**  Any such prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Mr. Bedewi knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

13.    **Presence of Counsel:**  At all debriefing and interviewing sessions conducted by investigators and/or attorneys for the government, Mr. Bedewi shall be entitled to the presence, advice, and assistance of counsel, unless waived.

14.    **USAO-DC's Criminal Division Bound:**  Mr. Bedewi understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Bedewi.

15.    **Complete Agreement:**  No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Bedewi, Mr. Bedewi's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Bedewi may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Bedewi and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By:

JOHN D. GRIFFITH
Assistant United States Attorney

6

I have read this plea agreement and have discussed it with my attorney, Steven C. Tabackman, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: _10/24/05_

_____
Paul G. Bedewi
Defendant

I have read each page of this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _10|24|05_

_____
Steven C. Tabackman, Esquire
Attorney for the Defendant Paul G. Bedewi

7