UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. CR-05-0301 (RWR) |
| | : | |
| **PAUL M. BEDEWI,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of the sentencing hearing in this matter, scheduled for Thursday, November 30, 2006 at 9:30 a.m. For the reasons set forth herein, the government respectfully recommends that the Court sentence the defendant at Guidelines level 12 as calculated in the PSR.

**I.    BACKGROUND**

On October 24, 2005, defendant Paul M. Bedewi pled guilty to a one-count felony information that charged him with Theft Concerning Programs Receiving Federal Funds, 18 U.S.C. §666. During his plea colloquy the defendant admitted that at times material to his offense he was an adjunct professor at George Washington University (GWU) and was the Deputy Director of Vehicle Safety and Biomechanics at GWU's National Crash Analysis Center (NCAC), a research and resource center for transportation safety studies on vehicles and highways. NCAC received approximately 80 percent of its funding from the U.S. Department of Transportation (DOT) through reimbursements of incurred expenses. From August of 2002 through June of 2004, Bedewi caused $36,150 in GWU funds to be embezzled for his personal benefit through a fraudulent graduate student stipend in the name of his wife. The stipend payments were included in reimbursement

requests later made by GWU to the DOT.  Bedewi also caused $42,452.33 in GWU funds to be embezzled by using a GWU issued procurement credit card to purchase goods and services for his personal benefit and for the benefit of his family members.  The losses from both the stipend and procurement credit card transactions totals $78,602.33.  In August of 2004, Bedewi made an $80,000 payment to GWU for losses that he caused.

In its victim impact statement, GWU states that the loss is $98,738 which includes "$36,150 in fraudulent stipend checks to his wife; $25,648 in suspicious 'P-card' charges relating to fraudulent travel or false reimbursements; and $36,940 in P-card charges that were used to purchase a golf membership at a private country club". *Victim Impact Statement, pgs. 1 and 2.*  Noting that Bedewi has already paid $80,000, GWU requests a restitution order for $18,738.  The Statement of Offense includes the stipend amounts and the P-card charges for the country club and a limited number of the P-card charges making up $25,648 in suspicious P-card charges that were clearly criminal in nature.  While other questionable transactions were identified during an audit performed for GWU (some of which make up the remainder of the $25,648 referenced by GWU), the government does not intend to argue that they should be included as criminal loss for restitution purposes.  Based on Bedewi's $80,000 payment, the government is not seeking a restitution order in this case.

## II.    SENTENCING CALCULATION

### A    Statutory Maximum

The defendant pled guilty to one count of Theft Concerning Programs Receiving Federal Funds, in violation of Title 18, United States Code, Section 666.  The maximum sentence for this offense is ten years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release.

B.  <u>Sentencing Guideline Calculation</u>

Both parties agreed to the Guidelines calculations utilized in the Presentence Report ("PSR"), which correctly calculates the defendant's total offense level at 12. <u>See</u> PSR ¶ 30. This includes the base offense level of six (§ 2B1.1(a)(2)) and eight levels for "loss" of more than $70,000 (§ 2B1.1(b)(1)(E)). Pursuant to the plea agreement, however, the government agreed not to oppose a two point reduction for acceptance of responsibility, which yields a total offense level of 12. The PSR also correctly lists the defendant's criminal history as Category I. <u>See</u> PSR ¶¶ 35. Therefore, the guideline range for defendant is correctly calculated in the PSR as 10 to 16 months. <u>See</u> PSR ¶ 73.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
JOHN D. GRIFFITH
Iowa Bar No. 4622
Assistant United States Attorney
Fraud & Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-2453