UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 05-301-01 (RWR) |
| PAUL G. BEDEWI | |
| **Defendant** | |

DEFENDANT'S UNOPPOSED MOTION FOR
MODIFICATION OF CONDITIONS OF SUPERVISED RELEASE

Defendant Paul Bedewi respectfully moves this Court to modify the hours he can be away from his electronic monitor in order to perform his work. In support, Mr. Bedewi represents the following:

1. On December 19, 2006, this Court sentenced the defendant to a term of five (5) months incarceration and two (2) years of supervised release with a condition of five (5) months home detention. Mr. Bedewi was released from prison on July 18, 2007; he is currently serving the supervised release portion of the sentence imposed by the Court.

2. Because the Virginia Real Estate Board did not revoke Mr. Bedewi's license, he was able to resume his work as a real estate agent for Remax Premier, his place of employment at the time of sentencing, which operates principally in Loudoun and Fairfax Counties.

3. A central element of his service to clients is the formulation, presentation, and reception of offers and counter-offers for the purchase of real estate. It is common for meetings with clients and other agents to occur outside normal business hours (or even the extended business hours typical in this metropolitan area.) Meetings also regularly occur with little, if any, advance

scheduling; they take place when a purchaser is prepared to have her offer or counter-offer presented. It is Mr. Bedewi's professional obligation to respond quickly at irregular times or risk losing a sale and the commission that goes with it.

4. The home detention program allows a supervised person up to twelve (12) hours away from home in connection with work. Because of the way that the electronic monitoring process works, there is no one to call to receive permission to extend his workday on an *ad hoc* basis at the time the need arises. Mr. Bedewi is receiving an increasing number of requests to meet with clients regarding offers at times which, if he were to attend, would require his exceeding the 12-hour limitation. He has already had several situations in which he has had to remove himself from ongoing negotiations so as not to violate the conditions of his release.

5. *With the express endorsement of his probation officer*, Mr. Bedewi is requesting the flexibility to extend his workday beyond 12-hours as necessary In order to continue to conduct his business and support his family. The only workable solution is to modify the standard conditions to allow Mr. Bedewi to be away from the electronic monitor for up to 18 hours per day. *Mr. Bedewi's Probation Officer, Danny Thomas, has advised undersigned counsel that he supports Mr. Bedewi's requested modification;* but he advises that *he must have an order from the sentencing judge allowing him to effect the modification.*

6. AUSA John Griffith does not oppose this request.

**WHEREFORE,** Defendant requests that this motion be granted.

                        Respectfully submitted,
                        _____/s/_____
                        Steven C. Tabackman (DC Bar No. 934539)
                        Tighe Patton Armstrong Teasdale, PLLC
                        1747 Pennsylvania Avenue, NW, Suite 300
                        Washington, DC 20006-4604
                        (202) 454-2811
                        (202) 454-2805 (fax)